**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

MAGNOLIA COOPER,                              Civil No.  15-2682 (JRT/JSM)

                Plaintiff,

v.                                                                    **ORDER ADOPTING REPORT
                                                                        AND RECOMMENDATION**

MINNESOTA DEPARTMENT OF
HUMAN SERVICES,

                Defendant.

---

Magnolia Cooper, 3 Straubel Court, Apartment 610, Madison, WI  53704, *pro se*.

Ozioma Oji, Assistnat Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Bremer Tower, Suite 1100, Saint Paul, MN  55101, for defendant.

Plaintiff Magnolia Cooper commenced this 42 U.S.C. § 1983 action against Defendant Minnesota Department of Human Services ("MDHS") on June 9, 2015. (Compl., June 9, 2015, Docket No. 1.)  Cooper alleges that MDHS violated her rights under the Fourteenth Amendment based on custody proceedings in Hennepin County juvenile court involving her daughter that occurred sometime between seven and fourteen years ago.  (Second Am. Compl. at 3-14, Sept. 1, 2015, Docket No. 7.)

MDHS moved to dismiss the action, and on April 4, 2016, United States Magistrate Judge Janie S. Mayeron issued a Report and Recommendation ("R&R") recommending that the Court grant MDHS's motion and dismiss Cooper's action with prejudice for four different reasons, each dispositive.  (R&R., Apr. 25, 2016, Docket No. 33.)   First, the Magistrate Judge concluded that the Court lacked subject matter

jurisdiction because MDHS is entitled to Eleventh Amendment immunity. (*Id.* at 5-6.) Second, the Magistrate Judge determined that Cooper's claim is barred by the *Rooker-Feldman* doctrine to the extent she seeks to challenge the Hennepin County juvenile court's custody determination. (*Id.* at 6.) Third, the Magistrate Judge found that Cooper's claim is barred by the applicable statute of limitations. (*Id.* at 6-7.) And fourth, the Magistrate Judge concluded that Cooper's complaint fails to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 7.)

Cooper now objects to the R&R. (Pl.'s Obj. to R&R, May 10, 2016, Docket No. 34.) She agrees that dismissal of her action is appropriate, but argues that it should be dismissed without prejudice. (*Id.* at 3 ("So I am requesting that it be considered for Dismissal without Prejudice . . . .").) As the Court interprets her objection, Cooper contends that dismissal without prejudice is proper for three reasons. First, she was unaware of how the doctrine of sovereign immunity applied to her claims. (*Id.*) Second, she was unaware that she brought her claims outside of the statute of limitations. (*Id.*) Third, she has stated plausible claims for relief under § 1983. (*Id.* at 1-3.) Cooper does not, however, object to the Magistrate Judge's recommendation regarding application of the *Rooker-Feldman* doctrine. (*Id.*) Additionally, Cooper appears to request, for the first time, a change in venue. (*Id.* at 3.)

## ANALYSIS

Upon the filing of an R&R by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The district judge must determine *de novo*

any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

As noted above, Cooper objects to the Magistrate Judge's recommendation that her complaint be dismissed with prejudice. In general, a court has discretion to dismiss an action without prejudice if it determines that the deficiency could be cured through re-pleading. *Bounds v. Hanneman*, No. 13-266, 2014 WL 1303715, at *14 (D. Minn. Mar. 31, 2014). However, when a court "'is truly unable to conceive of any set of facts under which a plaintiff would be entitled to relief,' . . . dismissal without prejudice [is] inappropriate." *Id.* (quoting *McLean v. United States*, 566 F.3d 391, 400 (4th Cir. 2009)); *see also Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009) (finding that the district court did not abuse its discretion by dismissing the complaint with prejudice where the district court found that "amendment would be futile").

Here, dismissal with prejudice is appropriate because the Court cannot conceive of any facts under which Cooper would be entitled to relief and re-pleading would be futile. Cooper first contends that Eleventh Amendment immunity and the statute of limitations should not apply to her claims because she lacked the requisite knowledge of their applicability, thus justifying dismissal without prejudice. But Cooper's lack of knowledge does not permit the Court to misapply the law. As the Magistrate Judge correctly determined, MDHS enjoys Eleventh Amendment immunity because Cooper seeks money damages, and there is no indication that Congress abrogated or the State of Minnesota waived that immunity. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). This finding is

sufficient, on its own, to preclude dismissal without prejudice. And even if MDHS was not entitled to Eleventh Amendment immunity, Cooper has conceded that she did not bring her claim within statute of limitations, which also precludes dismissal without prejudice.

Cooper's objection regarding the merits is similarly unavailing. Even if the Court were to assume that Cooper did or could state a claim upon which relief may be granted, the Court nevertheless lacks subject matter jurisdiction pursuant to the Eleventh Amendment or, alternatively, Cooper's action is time barred. Finally, Cooper did not object to the Magistrate Judge's recommendation regarding the *Rooker-Feldman* doctrine, which bars her action to the extent she seeks a judgment based on the juvenile court's allegedly erroneous custody determination. *See Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1035 (8th Cir. 1999) (noting that a claim is barred by the *Rooker-Feldman* doctrine if it "succeeds only to the extent that the state court wrongly decided the issues before it [or] if the relief requested . . . would effectively reverse the state court decision or void its ruling").

Altogether, because there is no indication that above-described deficiencies could be cured through re-pleading and the Court cannot conceive of any facts under which Cooper would be entitled to relief, the Court finds that dismissal with prejudice is proper. The Court will therefore overrule Cooper's objections, adopt the R&R, and dismiss the action with prejudice.

As a final matter, Cooper appears to request a change of venue. The Court, however, will deny this request. First, Cooper cannot seek a change of venue in her objection to the R&R because she did not raise this issue before the Magistrate Judge.

*Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947-48 (D. Minn. 2006) ("A party cannot, in his objections to an R & R, raise arguments that were not clearly presented to the magistrate judge."). Second, even if the Court were to consider Cooper's request, a change in venue would be futile because Cooper's action is meritless on multiple grounds. Third, Cooper has not satisfied her statutorily-imposed burden of establishing that transfer would be in the "interests of justice" and more convenient for the "parties and witnesses." 28 U.S.C. § 1404(a); *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691, 695 (8th Cir. 1997). Cooper makes no specific arguments about why a change of venue is appropriate and does not indicate where she would like the case to be transferred to. Without more, the Court cannot grant a change of venue.

## ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, the Court **OVERRULES** Plaintiff Magnolia Cooper's objection [Docket No. 34] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 33]. Accordingly, **IT IS HEREBY ORDERED** that:

1. MDHS's Motion to Dismiss [Docket No. 13] is **GRANTED**.
2. This action is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 8, 2016　　　　　　　　　　　　　_____s/ John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　　　United States District Court